Rodney Wayne JOHNSON, Appellant,

v.

MACHINE ICE CO., Appellee.

No. A14–90–01006–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1991.

Rehearing Denied Jan. 16, 1992.

Richard F. Callaway, Charlotte Salter, Houston, for appellant.

Mark Allen, Michael C. Neel, Ted C. Litton, John T. Valentine, Houston, Steven C. Barkley, Beaumont, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This case comes to us on appeal from a grant of summary judgment in favor of appellee, Machine Ice Co. (Machine Ice). Rodney Wayne Johnson (Appellant) brought suit for personal injuries against Machine Ice and several other corporate defendants. After severance of the other defendants, the trial court granted Machine Ice's motion for summary judgment based on the ten year statute of repose under section 16.009 of the Texas Civil Practices and Remedies Code. We reverse and remand.

In March of 1976, Machine Ice contracted to sell and install, machinery, equipment, and apparatus constituting an ice processing plant to Glacier Ice Company (Glacier). To accomplish this result part of a warehouse, which Glacier had leased, was converted into the ice processing plant. This conversion process entailed some remodeling of the warehouse, such as pouring concrete slabs, adding insulation, plumbing and electrical connections. Machine Ice commissioned the manufacture of the equipment, provided a supervising engineer, assembled, and installed the ice processing equipment and machinery in the warehouse. The ice plant was completed on October 26, 1976. In August of 1987 appellant's arm was severed by an auger in an ice bin while working at the ice plant. The auger which severed appellant's arm was part of a conveyor system that transported the ice to the drying and bagging equipment. Based on his injury, appellant brought suit under section 402A of the Restatement Second of Torts, products liability, and negligence against eleven separate corporate entities. Machine Ice moved for summary judgment on the theory that it was protected, as the constructor of an improvement to real property, by the ten-year statute of limitations under section 16.009 of the Texas Civil Practices and Remedies Code.[1] The trial court granted summary judgment, and severed appellant's cause of action against Machine Ice from appellant's causes of action against the other defendants. Appellant moved for a new trial or alternatively to have the trial court modify, correct or reform the judgment in favor of Machine Ice. The trial court overruled these motions and appellant perfected this appeal.

---

1. The applicable portion of section 16.009 states:
 (a) A claimant must bring suit for damages for a claim listed in Subsection (b) against a person who constructs or repairs improvements to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement.
 (b) This section applies to suit for:
 
 \* \* \* \* \* \*
 
 (2) personal injury;....
 TEX.CIV.PRAC. & REM.CODE ANN. § 16.009(a), (b)(2) (Vernon 1986).

In a single point of error, appellant contends Machine Ice did not meet its burden of proof and therefore, the trial court erred in granting summary judgment in favor of Machine Ice. Appellant advances three arguments in support of his contention: 1) Machine Ice's summary judgment is based upon equipment which was not the instrumentality or product that appellant's cause of action was based on; 2) none of the equipment or machinery in this action constitutes an improvement; and 3) Machine Ice is not within the class of persons protected by the statute of repose under section 16.009 of the Civil Practices and Remedies Code.

For summary judgment to have been properly granted, Machine Ice must have established that it was entitled to judgment as a matter of law and that there was no genuine issue of material fact. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). The question we must consider on appeal is whether the summary judgment evidence establishes as a matter of law that there was no genuine issue of a material fact as to whether Machine Ice was a constructor of an improvement to real property. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). In making this determination, we must view the evidence in the light most favorable to appellant, the non-movant. Additionally, every reasonable inference should be made in favor of appellant, and we will resolve all doubts against Machine Ice, the movant. *Nixon*, 690 S.W.2d at 548–49. *See also Turboff v. Gertner, Aron & Ledet Invs.*, 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

 In determining whether personalty has become such a permanent part of the realty to which it is affixed that it constitutes an improvement, the key factor is the intention of the person annexing the personal property to the real property. *Logan v. Mullis*, 686 S.W.2d 605, 607 (Tex. 1985). In support of the contention that the ice plant equipment was an improvement, Stephen E. Schneider, the Chairman of the Board and President of Machine Ice

stated: Machine Ice constructed the ice plant; the plant consisted of specially poured concrete slabs, insulated ceilings, extensive connections, machinery and equipment bolted to the floors, walls, and ceiling of the warehouse; the plant was not portable; and removal requires a demolition procedure. A review of the contract between Machine Ice and Glacier, however, reveals that: Machine Ice contracted to sell and install certain equipment and machinery; Glacier, not Machine Ice, was to provide the water and drain mains, concrete foundations with sufficient support for the equipment, and electrical connections to the main control panel, the ice machine and the motor starter panel; the equipment would remain personal property and retain its character no matter how it was affixed or attached to the real property; and Machine Ice had the right, upon default, to enter the premises and remove the equipment.

Mr. Schneider's statements that the ice plant was not portable and removal required a demolition process is not consistent with other evidence in the record. In a letter that Mr. Schneider wrote to Glacier, he stated that all of the equipment was very saleable, and most of the equipment was packaged by the manufacturer and could be moved or relocated without too much trouble. Further, the evidence established that the entire ice plant was sold by Glacier to Atlantic Ice Co., removed from the leased warehouse, and relocated, under Machine Ice's supervision, to another warehouse location. The equipment did have to be dismantled to be removed, but there was no demolition of the leased warehouse in order for the equipment to be relocated.

Machine Ice's summary judgment evidence is conflicting as to the intention of the parties in annexing this equipment to the real property, the nature of Machine Ice's participation in any preparatory construction at the site and the moveable nature of the equipment furnished. Based on the evidence, this equipment could just as easily be a trade fixture as it could be an improvement. As a trade fixture, the equipment would be necessary for Glacier's ice business, attached to the premises, removable at the expiration of Glacier's ware-

house lease, and relocatable upon Glacier's moving or selling of its business. *See Nine Hundred Main, Inc. v. City of Houston,* 150 S.W.2d 468, 471 (Tex.Civ.App.—Galveston 1941, writ dism'd judgm't cor.). Such conflicting evidence did not establish as a matter of law Machine Ice's right to summary judgment based on section 16.009. Instead, the summary judgment evidence raised a fact issue as to whether Machine Ice was a constructor, and as to whether the equipment in question, either the auger conveyor or the ice plant as a whole, was actually an improvement to real property.

Accordingly, we sustain appellant's point of error. The summary judgment of the trial court is reversed and remanded.