The COUNTY OF EL PASO, Appellant,

v.

Jessie DORADO, Individually and as Mother and Next Friend of Brianna Alexis Miranda, a Minor and on behalf of the Estate of Eduardo Miranda a/k/a Eduardo Miranda Duarte, Deceased, Appellee.

No. 08–99–00446–CV.

Court of Appeals of Texas, El Paso.

Sept. 14, 2000.

Rehearing Overruled Oct. 11, 2000.

---

Jesus Rodriguez, Asst. County Atty., Maria Aurelia Salas-Mendoza, Asst. County Atty., Jose R. Rodriguez, County Atty., El Paso, for Appellant.

James F. Scherr, Scherr & Legate, P.C., Rodrigo V. Ramos, El Paso, for Appellee.

Before BARAJAS, C.J., McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from an unsuccessful plea to the jurisdiction. For reasons set forth below, we reverse and render.

## I. SUMMARY OF THE EVIDENCE

On July 25, 1997, Jessie Dorado, ("Dorado"), sued the County of El Paso, ("El Paso County"), in her individual capacity, as Mother and Next Friend of Brianna Alexis Miranda, and on behalf of the Estate of Eduardo Miranda a/k/a Eduardo Miranda Duarte, deceased. Dorado alleged that the decedent died after he was denied access to his seizure medication following his arrest and subsequent detention in the El Paso County Detention Facility. In her second amended petition, Dorado enunciated six "counts" against El Paso County in which she stated the following causes of action: (1) Civil rights violations under 42 U.S.C. § 1983; (2) Negligence in administering medication and treatment; (3) Twenty-one additional acts of alleged negligence; (4) Recklessness; (5) Further constitutional violations; and (6) Section 101.021 of the Texas Civil Practice and Remedies Code, (i.e., Governmental Liability section of the Tort Claims Act). Dorado also included the following phrase in her petition: "This is an action for damages instituted by Plaintiffs against Defendant is liable in monetary damages to Plaintiffs pursuant to Texas Civil Practice and Remedies Code §§ 71.002, 71.003, 71.004, 71.021 and § 101.001 et seq."[1]

In response to Dorado's second amended petition, El Paso County challenged the court's jurisdiction to hear Dorado's claims brought under the wrongful death statutes. Specifically, El Paso County complained that the court "does not have subject matter jurisdiction over this cause of action because Defendant County of El Paso is specifically exempt from Section 71.001, 71.002, 71.003, 71.004, and 71.021 of the Texas Civil Practice and Remedies Code, more commonly known as the Wrongful Death and Survival Act." In her response to El Paso County's challenge to the court's subject matter jurisdiction, Dorado argued that counties are not exempt from the wrongful death statutes. The trial court agreed with the position asserted by Dorado and denied El Paso County's plea to the jurisdiction.[2] El Paso County

---

1. Chapter 71 of the Texas Civil Practice and Remedies Code is titled "Wrongful Death; Survival; Injuries Occurring Out of State." Chapter 101 is titled "Tort Claims."

2. After the court issued its order, Dorado filed a third, fourth and fifth amended petition. In all of her petitions, Dorado *continues* to include a clear reference to the Wrongful Death Act codified at TEX.CIV.PRAC. & REM CODE ANN. § 71.002, et seq. (Vernon 1997).

now brings this interlocutory appeal, and Dorado seeks sanctions against El Paso County for filing the appeal.

## II. *DISCUSSION*

■ The sole issue on appeal is whether the trial court erred in denying Appellant's challenge to the trial court's jurisdiction to hear a separate cause of action brought under the wrongful death statute.

■ Whether the trial court properly denied Appellant's plea to the jurisdiction presents a pure question of law that we will examine under a *de novo* standard of review. *See State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.—Fort Worth 1996, writ denied).

The Wrongful Death Act sets forth the circumstances under which a "person" may be liable for an injury that causes an individual's death. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 71.002 (Vernon 1997). The word "person" is specifically defined to include "an individual, association of individuals, joint-stock company, or corporation or a trustee or receiver of an individual, association of individuals, joint-stock company, or corporation." TEX.CIV.PRAC. & REM.CODE ANN. § 71.001(2) (Vernon 1997). The term "corporation" is further defined to exclude ". . . a county or a common or independent school district." TEX.CIV. PRAC. & REM.CODE ANN. § 71.001(1) (Vernon 1997). Thus, the plain wording of the statute makes it clear that a county may

not be sued for wrongful death *under the Wrongful Death Act.*

In her response to Appellant's plea to the court's jurisdiction[3], Appellee cited *Whipple v. Deltscheff,* 731 S.W.2d 700 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) in support of her contention that "the County of El Paso is not exempt from the *Wrongful Death Statute.*" (emphasis added). Although Appellee accurately summarized the court's analysis in *Whipple,* that case simply does not support Appellee's assertion that a county may be sued for wrongful death *under the Wrongful Death Act.*

■ In *Whipple,* Mr. and Mrs. Deltscheff successfully prosecuted wrongful death claims against Harris County and Lorraine Whipple. Harris County appealed the verdict. Harris County asserted that the language found in the Wrongful Death Act which excludes counties from liability for wrongful death under the Wrongful Death Act, also excludes counties from being liable for any wrongful death claim. Thus, the issue to be decided was whether the exclusionary language which excludes counties from being liable for wrongful death under the Wrongful Death Act also excludes counties from being liable for wrongful death under the Tort Claims Act. The court, while agreeing that a county cannot be sued for wrongful death under the Wrongful Death Act, held that a county may nonetheless be sued for wrongful death under the Tort Claims Act.[4] The court elaborated:

3. In a drastic departure from the stance she took in the trial court, Appellee now asserts that "Plaintiffs have repeatedly informed Defendant that they have never intended to bring an independent and separate cause of action against Defendant pursuant to the Wrongful Death Act. Plaintiffs' only claims are raised pursuant to the Texas Tort Claims Act and 42 U.S.C. § 1983." It is difficult to take this contention seriously, however, because, as noted above, even after Appellant challenged the court's jurisdiction to hear a cause of action under the Wrongful Death Act, Appellee filed her third, fourth and fifth amended petitions, all of which made a clear reference to section 71.002 of the Texas Civil Practice and Remedies Code. Because the tri-

al court agreed with the argument she asserted in her response to Appellant's plea to the jurisdiction, we will briefly address that position.

4. The section of the Tort Claims Act that gives rise to a cause of action against a county for wrongful death states: "A governmental unit in the state is liable for: (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if: (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the

The language of the statute [Tort Claims Act] could not be more specific: units of government, including counties, that previously enjoyed immunity from suit, shall now be liable for damages for death in certain prescribed situations *if a private person would be so liable.* The liability of a private person is set out in the Wrongful Death Statute,... The fact that counties are not 'corporations' as used in the statute, while still true, is irrelevant to the issue of their liability for wrongful death. The relevant fact is that the liability of a county is, under certain conditions, that of a private person.

*Whipple v. Deltscheff,* 731 S.W.2d at 704. The court then went on to explain that the Texas Supreme Court has recognized that school districts, which are also excluded from liability under the Wrongful Death Act, have nonetheless been held liable for wrongful death under the Tort Claims Act. *See id.* at 705. The court concluded its opinion with the following often quoted phrase: "[T]he Wrongful Death Statute does not exempt counties from liability for wrongful death *imposed by the limited waiver provisions of the Texas Tort Claims Act." Id.* at 705 (emphasis added). This phrase makes it absolutely clear that a county may indeed be held accountable for wrongful death, but such accountability is *imposed by the Texas Tort Claims Act,* and not the Wrongful Death Act. Accordingly, we believe the trial court erred by denying Appellant's challenge to the court's jurisdiction to hear Appellee's clear attempt to plead a cause of action under the Wrongful Death Act.

We reverse the trial court's denial of Appellant's plea to the jurisdiction to the extent that Appellant challenged the court's jurisdiction to hear a cause of action under the Wrongful Death Act assert-

ed against Appellant, and we further deny Appellee's request for sanctions.

claimant according to Texas law; and (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas Law." Tex.Civ.Prac. & Rem. Code Ann. § 101.021 (Vernon 1997).