No. 04-00-00528-CV


Maria REYNOSA and Antonio Reynosa, 

Individually and as Next Friends of David Reynosa, A Minor,

Appellants


v.


UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO,

Appellee


From the 225th Judicial District Court, Bexar County, Texas

Trial Court No. 92-CI-00203

Honorable David Peeples, Judge Presiding


Opinion by: Tom Rickhoff, Justice

 

Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: February 7, 2001


AFFIRMED



 University of Texas Health Science Center at San Antonio (the defendant below) filed a plea
to jurisdiction and a motion to dismiss, alleging the suit against it was barred by governmental
immunity. The trial court granted the plea to jurisdiction and the motion to dismiss. This appeal by
Maria Reynosa and Antonio Reynosa, Individually and as Next Friends of David Reynosa, A Minor,
(the plaintiffs below) ensued. Because appellee did not waive its immunity against suit, we affirm.

BACKGROUND

 In their tenth amended petition, the appellants sued appellee, Bexar County Hospital District
a/k/a Medical Center Hospital, four doctors, and two nurses. Appellants alleged that the defendants
were negligent while Maria was under the defendants' care during the birth of her child. The four
doctors are Robert Huff, Jeffrey Wright, Patricia Brougher, and Tim Tarkenton. One of the
allegations raised against Dr. Brougher was that she failed to supervise a fifth doctor, Randall Davis,
in the care he provided to Maria.

 Doctors Huff and Wright moved for summary judgment. The trial court rendered judgment
in favor of Huff and Wright, and the appellants appealed the judgment as to Huff only. This Court
affirmed the trial court's judgment. See Reynosa v. Huff, 21 S.W.3d 510 (Tex. App.--San Antonio
2000, no pet.).

 Appellee asserted in its plea to jurisdiction that Huff and Wright were its only paid
employees, and that Brougher and Davis were not its paid employees; therefore, it was entitled to
immunity under the Texas Tort Claims Act.

STANDARD OF REVIEW

 A governmental unit in Texas is immune from tort liability unless the legislature has waived
immunity. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.1999); Dallas County Mental
Health & Mental Rehabilitation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998). A state agency, such
as appellee, shares this immunity. Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex.1976). The
party suing the governmental entity must establish the state's consent, which may be alleged either
by reference to a statute or to express legislative permission. Texas Dep't of Transp., 8 S.W.3d at
638. Absent the state's consent to suit, a trial court lacks subject matter jurisdiction. Id. A party
may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. Id. 

 The plaintiff has the burden to allege facts that affirmatively demonstrate the lack of
governmental immunity and, hence, the court's jurisdiction to hear the cause. Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.1993). Whether a trial court has subject matter
jurisdiction is a question of law subject to de novo review. Bush v. Texas Dep't of Protective &
Regulatory Servs., 983 S.W.2d 366, 368 (Tex. App.--Fort Worth 1998, pet. denied). When
reviewing a trial court order dismissing a cause for want of jurisdiction, Texas appellate courts
construe the pleadings in favor of the plaintiff and look to the pleader's intent. Texas Ass'n of Bus.,
852 S.W.2d at 446. Thus, if the plaintiff alleges sufficient facts in its petition to establish a waiver
of immunity, dismissal for want of jurisdiction is inappropriate. However, the government may
always reassert its immunity defense if and when discovery or other evidence later demonstrates that
under the specific facts of the case, immunity has not been waived. Texas Natural Resource &
Conserv. Comm'n v. White, 13 S.W.3d 819, 823 (Tex. App.--Fort Worth 2000, pet. granted); see
also Methodist Hosps. v. Texas Workers' Compensation Comm'n, 874 S.W.2d 144, 149 (Tex.
App.--Austin 1994, no writ) (lack of trial court jurisdiction may be raised at any time, even on
appeal, by the parties or by the court itself).

 The Texas Tort Claims Act provides for a limited waiver of governmental immunity under
specified circumstances. Lowe , 540 S.W.2d at 298; Tex. Civ. Prac. & Rem. Code Ann. §101.021
(Vernon 1997). A governmental unit may be held liable for personal injury caused by a condition
or use of tangible personal property if the governmental unit would, were it a private person, be held
liable under Texas law. Id. §101.021(2). A plaintiff states a cause of action under Section
101.021(2) by alleging that his or her injuries were proximately caused by a governmental
employee's negligent use of tangible personal property. Salcedo v. El Paso Hosp. Dist., 659 S.W.2d
30, 33 (Tex.1983) (decided under Tex. Rev. Civ. Stat. Ann. art. 6252-19, predecessor to Tex. Civ.
Prac. & Rem. Code Ann. § 101.021 (Vernon 1997)). The Tort Claims Act defines an employee
as "a person, including an officer or agent, who is in the paid service of a governmental unit by
competent authority, but does not include an independent contractor, an agent or employee of an
independent contractor, or a person who performs tasks the details of which the governmental unit
does not have the legal right to control." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(2) (Vernon
Supp. 2000).

DISCUSSION

 To establish a waiver of immunity, appellants were required to allege that their injuries were
proximately caused by the negligent use of tangible personal property by one or more of appellee's
employees. In their petition, the appellants did not specifically allege that Drs. Brougher and Davis
were appellee's employees. The only doctor specifically associated with the appellee in the petition
was Dr. Huff. (1) Further, appellee's plea to jurisdiction was filed after extensive discovery. A review
of the deposition evidence submitted by the parties reveals that, under the specific facts of the case,
immunity has not been waived. Appellee contends, and appellants do not dispute, that Dr. Brougher
was enrolled in appellee's residency program, but she was not paid by the appellee for her services.
Nor do appellants dispute appellee's contention that Dr. Davis was neither enrolled in appellee's
residency program nor paid by appellee. Although appellants point to deposition testimony that Drs.
Brougher and Davis treated Maria, they point to no evidence in the record that would support a
determination that Brougher and Davis meet the statutory definition of "employee."

 We conclude that the trial court properly dismissed appellants' lawsuit against appellee. See
Liberty Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied) (holding
that, if at any time during the trial court's proceeding it becomes apparent that the court has no lawful
authority to adjudicate the issues presented, the court must dismiss the case). We affirm the trial
court's judgment. 


 Tom Rickhoff, Justice

DO NOT PUBLISH
1. Appellee contested jurisdiction by asserting that its only employees named in the petition were Drs. Huff and
Wright, and summary judgment had been rendered in their favor.