**WEBB COUNTY, TEXAS, Appellant,**

v.

**Javier SANDOVAL and Patricia Sandoval, Individually and on behalf of Jacqueline Renee Sandoval, Deceased, Jose Ruben Sandoval, Sr., and Juanita Sandoval, Appellees.**

No. 04–02–00143–CV.

Court of Appeals of Texas, San Antonio.

July 17, 2002.

Jamie Siff Perkins, William S. Helfand, Kevin D. Jewell, Magenheim, Bateman & Helfand, P.L.L.C., Houston, for Appellant.

Reynaldo L. Diaz, Jr., Adam Poncio, Cerda & Poncio, P.C., San Antonio, for Appelles.

Sitting: ALMA L. LÓPEZ, Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

Opinion by: CATHERINE STONE, Justice.

This is an interlocutory appeal of a trial court's order denying a plea to the jurisdiction. Webb County, Texas presents two issues, asserting that the trial court erred in denying its plea to the jurisdiction

because: (1) the appellees' claims do not fall within the limited waiver of immunity under the Texas Tort Claims Act ("Act"); and (2) the appellees have failed to allege valid causes of action under the Act. We affirm the trial court's order as to the claim alleging, "Negligent condition or use of the food served to the Deceased Minor", and remand the cause for further proceedings as to that claim. We reverse the trial court's order as to all other claims asserted by the appellees, and we dismiss those claims.

## BACKGROUND

Four-year-old Jacqueline Sandoval attended the Larga Vista Head Start Program, which is operated by Webb County. While Sandoval was eating chicken nuggets, they became lodged in her throat, causing her to choke and eventually die. The appellees filed suit against Webb County, asserting causes of action for wrongful death and negligence and seeking actual and exemplary damages. Specifically, the pleadings alleged:

1. Negligent condition or use of the food served to the Deceased Minor;

2. Negligent condition or use of cooking equipment in preparation of the food served to the Deceased Minor;

3. Negligent condition or use of surveillance equipment;

4. Negligent condition or use of kitchen utensils;

5. Negligent condition or use of supervisory materials;

6. Negligent condition or use of operations manuals; and

7. Negligent condition or use of telephone equipment.

1. Webb County does not raise an issue on appeal relating to its official immunity asser-

Webb County filed a plea to the jurisdiction, asserting that the appellees' claims were barred by governmental immunity. Webb County contended that the appellees had failed to allege any facts that would fall within the limited waiver of immunity under the Act. In addition, Webb County asserted that it could not be sued for wrongful death and that exemplary damages are expressly prohibited by the Act.

In a supplement to its plea in response to the appellees' amended pleadings, Webb County asserted immunity is not waived based on: (1) the non-use of kitchen utensils; (2) the non-use or misuse of information provided by surveillance cameras; or (3) the use, misuse or non-use of information contained in supervisory or operations manuals. With regard to the condition of the chicken nuggets, Webb County asserted that the appellees' complaint was based on the decision "to serve chicken nuggets, how they were made, and the size of the nuggets" which are discretionary decisions that fall within the discretionary powers exception to any waiver of sovereign immunity." Webb County further contended that it was entitled to its employees' defense of official immunity, because in serving the chicken nuggets, the employees were exercising discretion within the scope of their employment in good faith because a reasonable person in the same position would have found that serving a nugget of this size and quality was appropriate.[1]

The appellees filed a response to the plea to the jurisdiction, asserting that the unsafe condition of the chicken nuggets was a condition of tangible personal property within the limited waiver of immunity. The appellees further responded that the misuse or negligent use of the stove and oven contributed to or caused the condition

tion.

of the chicken nuggets. The appellees asserted that they were not complaining of the decision to serve chicken nuggets but that the chicken nuggets were served in an unsafe condition, and the unsafe condition was not a "design decision." The appellees contended that the chicken nuggets were "overcooked, too hard, and too large." The appellees liken the serving of the chicken nuggets in an unsafe condition to the provision of property lacking an integral safety component for which the courts have recognized a waiver of immunity.

The trial court denied Webb County's plea to the jurisdiction, and Webb County appealed.

## STANDARD OF REVIEW

A governmental unit in Texas is immune from tort liability unless the legislature has waived immunity. *Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999); *Reynosa v. University of Texas Health Science Center at San Antonio*, 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied). The plaintiff has the burden to allege facts that affirmatively demonstrate a waiver of governmental immunity in order for the trial court to have subject matter jurisdiction. *Reynosa*, 57 S.W.3d at 444. Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Id.* In reviewing a trial court's ruling on a plea to the jurisdiction, Texas appellate courts construe the pleadings in favor of the plaintiff and look to the pleader's intent. *Id.* Pleadings relevant to a review of a plea to the jurisdiction include amended petitions and responses filed in connection with the plea. *See Mission Consolidated Ind. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.); *City of Austin v. Ender*, 30 S.W.3d 590, 593 (Tex.App.-Austin 2000, no pet.).

## WAIVER OF IMMUNITY

Webb County contends that the appellees' petition does not adequately allege a waiver of governmental immunity pursuant to section 101.021 of the Act.

Section 101.021 of the Act contains a limited waiver of governmental immunity under specified circumstances. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997); *Reynosa*, 57 S.W.3d at 445. A governmental entity may be held liable for personal injury or death caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be held liable under Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). The term "condition" is not statutorily defined but has been judicially defined as "either an intentional or an inadvertent state of being" and as "a particular mode or state of being of a thing." *Sparkman v. Maxwell*, 519 S.W.2d 852, 858 (Tex.1975); *State ex. rel. State Dept. of Highways & Pub. Transp. v. Gonzalez*, 24 S.W.3d 533, 537 (Tex.App.-Corpus Christi 2000, pet. granted).

Immunity is not waived for any claim involving the misuse of information because information is an intangible. *Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 256 (Tex.App.-San Antonio 1999, pet. denied). Several of the claims asserted by the appellees involve the misuse of information, including the misuse of information provided by surveillance equipment and contained in the supervisory materials and operations manual.

In addition, immunity is not waived for claims involving the non-use of property. *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex.1996). In order for tangible personal property to be "used" it must have been put or brought into action or service or employed or applied to

a given purpose. *Clark,* 923 S.W.2d at 584. We construe the appellees' intent with regard to the claim alleging negligent use of kitchen utensils, as a complaint about the failure to use those utensils to make the chicken nuggets smaller in size. The failure to use the utensils to cut the chicken nuggets into smaller pieces constitutes a "non-use" of the utensils for which immunity is not waived.

■ Neither the appellees' response to the plea to the jurisdiction nor the factual allegations in the appellees' petition contain any reference to the nature of the complaint involving the telephone equipment. We assume that the complaint is the failure to use the phone more quickly to summon emergency help. Since the failure to use the phone is a non-use of property, immunity is not waived as to that claim. *See id.*

■ Immunity also has not been waived with regard to the claim alleging the negligent use of cooking equipment because "property does not cause injury if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex. 1998); *Amador,* 993 S.W.2d at 255. In this case, the use of the oven in overcooking the chicken nuggets did no more than furnish the condition of the chicken nuggets that made the injury possible.

■ However, the claim regarding the negligent condition of the food served to Jacqueline meets the requirements for a waiver of immunity. The size of the chicken nuggets and their hard nature due to being overcooked constitute the "condition" of the nuggets or their particular mode or state of being. *See Sparkman,* 519 S.W.2d at 858; *Gonzalez,* 24 S.W.3d at 537. Since the appellees contend that Jacqueline choked on the chicken nuggets due

to their condition, this claim survives the immunity challenge under section 101.021 of the Act.

### FAILURE TO IDENTIFY EMPLOYEES

Webb County contends that the appellees' claims are barred because they failed to identify the employee whose negligence caused the death. Webb County relied on *Schaefer v. City of San Antonio,* 838 S.W.2d 688 (Tex.App.-San Antonio 1992, no writ), to support its contention that the appellees were required to identify specific employees and the manner in which the employees misused the property that caused the injury. We conclude that the failure to adequately identify employees is not a jurisdictional issue.

The only remaining claim, the condition or use of tangible personal property, is not a claim involving the negligence of an employee as was the claim asserted in *Schaefer.* *Schaefer* involved the issue of the negligence of an employee in operating or using motor-driven equipment. The dicta referenced by Webb County raised the issue of whether the plaintiff in that case was required to prove the identity of the employee and that the particular employee was acting within the scope of his employment. *Id.* at 695. Therefore, the dicta in *Schaefer* involved a question of proof not a jurisdictional issue relating to proper pleading.

■ Webb County's complaint regarding the failure to identify the specific manner in which each of its employees were involved in relation to the condition of the chicken nuggets should be raised by special exceptions, not by a plea to the jurisdiction. *See Godley Ind. Sch. Dist. v. Woods,* 21 S.W.3d 656, 660–61 (Tex.App.-Waco 2000, pet. denied) (discussing appropriate use of special exceptions and pleas to the jurisdiction); *Pearce v. City of Round Rock,* 992 S.W.2d 668, 672 (Tex.

App.-Austin 1999, pet. denied) (noting plea to the jurisdiction only appropriate for incurable pleading defects). Webb County does not appear to be contending that a stranger was present at Webb County's head start program facility and this stranger prepared and served the chicken nuggets to Jacqueline.

### DISCRETIONARY ACT

 Section 101.056 of the Act contains an exception to the immunity waiver when the act or omission complained of involves a discretionary act. TEX. CIV. PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997). An act is "discretionary" if it involves personal deliberation, decision, and judgment. *Gonzalez,* 24 S.W.3d at 538. The question of whether an act is discretionary is one of law for the court to decide. *Id.* A distinction is made, however, between the formulation and implementation of policy. If the negligence that causes injury lies in the formulation of policy, immunity is retained; however, if the negligence occurs in the implementation or carrying out of the policy, immunity is waived. *Id.*

Webb County contends that the appellees' complaint regarding the condition of the chicken nuggets is, in essence, a complaint regarding the "decisions to serve chicken nuggets, how to make them, and what size to make them," which are all discretionary matters that relate to design decisions and judgment. The real issue to be addressed is whether the acts in question involved the formulation of policy or the implementation of policy. The answer to that issue depends on our definition of the applicable policy.

Is the policy a broad policy in keeping with the minimum licensing standards for day care centers that all food and drink served must be of safe quality? *See* 40 TEX. ADMIN. CODE § 715.424(r). If we con-

strue the policy broadly, the decisions relating to serving the chicken nuggets, the size of the chicken nuggets to be served, and the amount of time to cook the chicken nuggets would be the implementation of the policy, and immunity would be waived. If we construe the policy narrowly, the service of the chicken nuggets and the manner in which they were to be served would relate to the formulation of the policy, and immunity would be retained.

 We construe the policy broadly. It is well established that the discretionary act exemption applies only to governmental policy decisions. *See State v. Terrell,* 588 S.W.2d 784, 787–88 (Tex.1979). To construe the policy narrowly would mean that the decisions regarding the size of the chicken nuggets and the manner in which the chicken nuggets were cooked were decisions that Webb County expressly considered and implemented a specific policy to cover. Generally, actions involving occupational or professional discretion are devoid of policy implications, and examples include decisions made in driving a mail truck or the decision by a drama instructor to use a glass rather than a plastic prop in a university production. *Maxwell v. Texas Dept. of Transp.,* 880 S.W.2d 461, 464 (Tex. App.-Austin 1994, writ denied). Similarly, decisions made while preparing food to serve at a day care are devoid of policy implications.

### WRONGFUL DEATH AND EXEMPLARY DAMAGES CLAIMS

Finally, Webb County complains that the appellees do not have a valid claim for wrongful death or for exemplary damages.

 Counties are expressly excluded from liability under the Texas Wrongful Death Act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 71.001 (Vernon 1997). Although a county may be accountable for wrongful

death, such accountability is imposed by the Texas Tort Claims Act, and not the Wrongful Death Act. *County of El Paso v. Dorado*, 33 S.W.3d 44, 47 (Tex.App.-El Paso 2000, no pet.). Accordingly, the appellees' wrongful death claim, as opposed to its negligence claim under the Texas Tort Claims Act, must be dismissed.

In addition, the Texas Tort Claims Act does not authorize the recovery of exemplary damages against a county. TEX. CIV. PRAC. & REM.CODE ANN. § 101.024 (Vernon 1997). However, a plea to the jurisdiction addresses the jurisdiction to consider claims and is not an appropriate pleading to challenge whether certain types of damages are recoverable. *See City of Cleburne v. Trussell*, 10 S.W.3d 407, 410 (Tex. App.-Waco 2000, no pet.) (noting plea to the jurisdiction not appropriate for challenging recovery of certain types of damages).

### CONCLUSION

We affirm the trial court's order as to the claim alleging, "Negligent condition or use of the food served to the Deceased Minor,"and remand the cause for further proceedings as to that claim. We reverse the trial court's order as to all other claims asserted by the appellees, and we dismiss those claims.