**WEBB COUNTY, TEXAS, Appellant,**

**v.**

**Javier Rene SANDOVAL and Patricia Sandoval, on Behalf of Jacqueline Renee Sandoval, Deceased, Jose Ruben Sandoval, Sr., and Juanita Sandoval, Appellees.**

No. 04–03–00385–CV.

Court of Appeals of Texas, San Antonio.

Nov. 5, 2003.

William S. Helfand, Kevin D. Jewell, Jessica M. Moore, Magenheim Bateman & Helfand, P.L.L.C., Houston, for appellant.

Adam Poncio, Law Office of Cerda & Poncio, P.C., Reynaldo L. Diaz, Jr., Reynaldo L. Diaz, Jr., P.C., San Antonio, for appellees.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Webb County, Texas ("Webb County") appeals the trial court's order denying its plea to the jurisdiction based upon sovereign immunity. Because we conclude that the relevant evidence regarding jurisdiction fails to establish a waiver of Webb County's immunity from suit, we sustain Webb County's sole issue on appeal, reverse the trial court's order, and dismiss the underlying cause against Webb County.

### BACKGROUND

On August 28, 2001, Jacqueline Sandoval ("Jacqueline"), a four year-old child, attended the Larga Vista Head Start Program. According to the allegations, while Jacqueline was eating a chicken nugget, it became lodged in her throat, and she eventually died. In our prior opinion, we affirmed, in part, the trial court's denial of Webb County's plea to the jurisdiction on the claim alleging "negligent condition or use of food served to the Deceased Minor," and remanded the cause for further pro-

ceedings on that claim. *See Webb County, Tex. v. Sandoval,* 88 S.W.3d 290, 293 (Tex. App.-San Antonio 2002, no pet.). After this court's opinion issued, Javier Rene Sandoval, Patricia Sandoval, Jose Ruben Sandoval, Sr., and Juanita Sandoval (collectively "the Sandovals") filed a third amended original petition limiting their claim to the allegation that Webb County breached its duty in its "negligent condition or use of food served to the Deceased Minor." According to the Sandovals' petition, this "negligent act and omission was a proximate cause or contributing factor to the Plaintiff's injuries and damages." Webb County filed a plea to the jurisdiction, and, alternatively, a no-evidence motion for summary judgment. The Sandovals responded to both. The trial court subsequently denied the plea and no-evidence motion. Webb County filed an accelerated appeal from the trial court's order denying the plea.

## STANDARD OF REVIEW

■■ A governmental unit in Texas is immune from tort liability unless the legislature has waived immunity. *Tex. Dept. of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex. 1999); *Reynosa v. University of Texas Health Science Center at San Antonio,* 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied). The party suing the governmental entity must establish the state's consent to suit, which may be alleged either by reference to a statute or by express legislative permission. *Tex. Dept. of Transp.,* 8 S.W.3d at 638. Absent the state's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Id.*

■■ We review a trial court's ruling on a plea to the jurisdiction under a *de novo* standard. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). In deciding a plea to the jurisdiction, a court is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Ind. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex.2000). "The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Id.*

## WAIVER OF IMMUNITY

In its sole issue, Webb County contends that the evidence demonstrates that the Sandovals cannot establish a waiver of immunity. In response, the Sandovals argue that this court has already determined that their negligence claim met the requirements for waiver of immunity. We agree with Webb County because in this appeal we can consider evidence that was not before us in the original appeal.

■■ The Texas Tort Claims Act contains a limited waiver of governmental immunity under specified circumstances. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997); *Reynosa,* 57 S.W.3d at 445. A governmental entity may be held liable for personal injury or death caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be held liable under Texas law. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). Section 101.021(2) requires that for immunity to be waived, the injuries at issue must be proximately caused by the condition or use of tangible property. *See Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998); *Tex. Parks & Wildlife Dept. v. Garrett Place, Inc.,* 972 S.W.2d 140, 143 (Tex.App.-Dallas 1998, no pet.). The requirement of causation is more than mere involvement. *Bossley,* 968 S.W.2d at 343. Property does

not cause injury if it does no more than furnish the condition that makes the injury possible. *Id.* Here, the relevant evidence does not demonstrate that the condition of the chicken nuggets proximately caused Jacqueline's injuries. In fact, the evidence suggests otherwise.

In support of its plea to the jurisdiction, Webb County provided the affidavit of Leticia Mendoza ("Mendoza"), the nutrition coordinator for the Webb County Head Start Program. Mendoza observed the chicken nuggets served to Jacqueline on August 28, 2001. According to Mendoza, there was nothing about the condition of the chicken nuggets "which could reasonably have caused Jacqueline Sandoval or anyone else to choke."

Jesus Martinez, the cook for the Head Start Program, also provided an affidavit. In his affidavit, Martinez stated that he prepared the chicken nuggets served to Jacqueline in a manner consistent with the packaging instructions and Head Start Program policies and procedures. Like Mendoza, Martinez concluded that there was nothing about the condition of the chicken nuggets "which could reasonably have caused Jacqueline Sandoval or anyone else to choke."

Ramiro Elizondo ("Elizondo"), a paramedic who treated Jacqueline at the scene, also provided an affidavit. Elizondo observed the food that was removed from Jacqueline's trachea and described it as a "small piece of chicken approximately two inches in length, that seemed to be partially chewed." Based on his observations, "it was obvious that the patient had not chewed the piece of chicken sufficiently in order to swallow it properly."

■ The Sandovals did not offer summary judgment evidence regarding causation. *See Tex. Dept. of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001) (stating court must look to summary judgment evidence the plaintiff offered to support jurisdiction on review of the trial court's denial of a plea to the jurisdiction). Instead, the Sandovals simply responded that Elizondo's statements were not competent evidence because they were legal conclusions. The record does not reflect that the trial court ruled on this objection or that Elizondo's statements were stricken. Moreover, Elizondo's statements regarding causation are not legal conclusions because they are based on observed facts which are also provided in the affidavit. *See Dolcefino v. Randolph,* 19 S.W.3d 906, 930 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (stating a conclusory statement is one that does not provide the underlying facts to support the conclusion). Accordingly, Elizondo's statements regarding causation are evidence that can be considered in resolving the jurisdictional issue. *See Bland Ind. Sch. Dist.,* 34 S.W.3d at 555.

We conclude that the evidence, at best, suggests Webb County did no more than furnish Jacqueline with the condition or object (the chicken nugget) which made her injuries possible. *See Bossley,* 968 S.W.2d at 343. The chicken nugget blocked Jacqueline's trachea, but it was the failure to sufficiently chew the chicken nugget that caused her injuries. Accordingly, the evidence demonstrates that immunity has not been waived pursuant to section 101.021(2) of the Texas Tort Claims Act.

### Conclusion

Because we conclude the relevant evidence negates causation, we sustain Webb County's sole issue on appeal. We need not address Webb County's other arguments regarding defective condition. We reverse the order of the trial court denying Webb County's plea to the jurisdiction,

and dismiss the underlying cause against Webb County.