Affirmed and Memorandum Opinion filed February 26, 2004














Affirmed and
Memorandum Opinion filed February 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00264-CV

____________

 

CITY OF HOUSTON,
Appellant

 

V.

 

THOMAS AND CHORLOTTIEA HARRIS, INDIVIDUALLY AND AS 

NEXT FRIEND OF
JOSHUA HARRIS, A MINOR, Appellees

 

____________________________________________________

 

On Appeal from
the County Civil Court at Law No. 3

Harris County, Texas

Trial Court
Cause No. 767,952

 

____________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            The City of Houston (“City”) appeals the trial court’s
denial of its plea to the jurisdiction, arguing that appellees, Thomas and
Chorlottiea Harris, individually and as next friend of Joshua Harris, failed to
plead sufficient facts to invoke a waiver of immunity under the Texas Tort
Claims Act.  We affirm.




 








I.  Factual and Procedural
Background

            While visiting in Houston, Joshua Harris posed for his father’s
camera by placing his hand on a large, metal elephant statue located just
outside the entrance to the Houston Zoo. 
As Joshua removed his hand from the statue, the top portion of his pinky
finger was severed.  Joshua’s parents
filed suit against the City under the Texas Tort Claims Act[1] seeking
damages for Joshua’s injury.  The City
answered and moved to dismiss the suit for lack of jurisdiction.  The trial court initially granted the City’s
motion; however, on rehearing the motion was denied.  Subsequently, the City pursued this
interlocutory appeal, contending the trial court improperly denied its plea to
the jurisdiction.[2]

II.  Standard of Review

            The plaintiff has the burden to
allege facts affirmatively demonstrating the court’s jurisdiction over the
suit.  Tex. Ass'n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 
When deciding a plea to the jurisdiction, the trial court considers the
allegations in the petition, accepting those allegations as true.  City of
Galveston v. Gray, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  The trial court may also consider evidence
relevant to jurisdictional issues raised. 
Id. at 591. 

            Furthermore, a court may not weigh
the claims’ merits but must consider only the plaintiff’s pleadings and the
evidence pertinent to the jurisdictional inquiry.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex.
2002); see also Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 554–55 (Tex.
2000).  We construe the pleadings in the
plaintiff’s favor and look to the pleader’s intent when reviewing a trial
court’s order on a plea to the jurisdiction. 
Brown, 80 S.W.3d at 555. When
a plaintiff fails to plead facts establishing jurisdiction, but the petition
does not affirmatively negate jurisdiction, the issue is one of pleading
sufficiency and the plaintiff should be afforded the opportunity to amend. Id.  Likewise, if the pleadings affirmatively
negate the existence of jurisdiction, then a plea to the jurisdiction may be
granted without allowing the plaintiff an opportunity to amend.  Id.  A cause of
action is properly dismissed for lack of subject matter jurisdiction only when
the facts alleged in the plaintiff’s petition cannot confer jurisdiction on the
trial court.  Scott v. Prairie
View A & M Univ., 7 S.W.3d 717, 718 (Tex. App.—Houston [1st Dist.]
1999, pet. denied).   

III.  Texas Tort Claims Act

            Generally, cities and counties enjoy
sovereign immunity from suit unless such immunity has been waived.  Brown,
80 S.W.3d at 554; Gray, 93 S.W.3d at
591.  The party suing the governmental
entity must establish waiver of immunity, either by reference to a statute or
to express legislative consent.  General Servs. Comm’n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 594 (Tex.
2001); Gray, 93 S.W.3d at 591.  Sovereign immunity from suit defeats a trial
court’s subject matter jurisdiction and is properly asserted in a plea to the
jurisdiction.[3]  State
Dep’t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 637 (Tex.
1999); Gray, 93 S.W.3d at 591.    

            The Act provides a limited waiver of
sovereign immunity, specifically in three areas:  (1) use of a publicly owned automobile; (2)
premise defects; and (3) injuries arising out of conditions or use of
property.  Tex. Dep’t of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000); Gray, 93 S.W.3d at 591; see Tex.
Civ. Prac. & Rem. Code Ann.
§ 101.021 (Vernon
1997).  Whether there has been a
statutory waiver of immunity is a question of law for the court to decide based
upon the facts of the case.  City of El Paso v. W.E.B. Invs., 950
S.W.2d 166, 169 (Tex. App.—El Paso 1997, pet. denied).  

IV.  Analysis

            In one issue, the City argues the
trial court improperly denied its plea to the jurisdiction because appellees’
claims are not based on waiver relating to tangible personal property, or based
on the use of real property or negligent activity.  The City also contends appellees failed to
plead sufficient facts to support a claim based on a premise defect.

            In their First Amended Petition, the
operative pleadings in this case, the appellees alleged they were visiting
Houston at the time of Joshua’s injury and were on property owned by the City
as invitees, when Joshua observed people taking pictures with an elephant
statue and asked his father if he could also have his picture taken.  Appellees’ petition also states the following:

The statue is constructed as such with numerous holes in the metal
structure, these holes form pinch points which can cause serious injuries.  The statue had been moved to this entrance in
the recent past by agents and/or employees of the Defendant, and was devoid of
any protective barriers or signs to warn of dangers associated with contact
with [sic] the metal structure and these actions were ongoing when the
Plaintiff was injured. Your minor Plaintiff approached the elephant and stood
next to it, placing his hand on the statue. . . . and came away from the
statue, but in the process your minor plaintiff’s finger suffered a
traumatic  “degloving” injury by the
dangerous condition and use of the statue. . . . Thus, as a direct and
proximate result of this incident Plaintiffs have suffered serious personal
injuries and damages.  

    

            Appellees further alleged that: (1)
Joshua’s injuries were caused by a condition, use, or misuse of tangible
personal or real property such that, were the City a private person, it would
be liable under Texas law; (2) the City owed them a duty to “act reasonably and
prudently . . . and to use ordinary care . . . with respect to the condition or
use of tangible personal or real property;” (3) the City knew or should have
known of the dangers inherent in the metal statue, yet it neither warned of the
danger, nor took any steps to protect the public, and that the statue was in a
“dangerous and defective condition;” (4) “agents, servants or employees of
Defendant were negligent under circumstances in which sovereign immunity is
waived . . . .;” and (5) these “agents, servants or employees” were at all
times acting within the scope of their employment.  

A.  Condition or Use of Tangible Personal
Property

            Section 101.021(2) of the Act
provides that a governmental entity is liable for “personal injury . . . so
caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant
according to Texas
law.”  Tex.
Civ. Prac. & Rem. Code § 101.021(2). 
A claimant’s pleadings must allege facts demonstrating a cause of action
involving injury caused by a condition or
use of tangible personalty or realty under circumstances in which a private
person would be liable.  City of Lubbock v. Rule, 68 S.W.3d 853,
857 (Tex. App.—Amarillo 2002, no pet.); see
Able, 35 S.W.3d at 612 (noting that subsection (2) encompasses claims for
injuries caused by the condition of personal or real property).  Therefore, to state a cause of action under
section 101.021(2), appellees must allege that the statue was defective or
inadequate, or that some use of the statue caused the injury.  See
Barker v. City of Galveston, 907 S.W.2d 879, 883 (Tex. App.—Houston [14th
Dist.] 1995, writ denied). 

            Here, appellees alleged that the
statue was used by the City to attract visitors to the zoo and that the
statue’s construction constitutes a dangerous or defective condition which
directly and proximately caused Joshua’s injury.  Although many Texas courts have grappled with defining the
parameters of “use” sufficient to waive immunity,[4] we need
not address whether appellees’ allegations of use satisfy the waiver provisions
of the Act because our conclusions concerning their claims relating to the
“condition” of the statue are dispositive of the jurisdictional inquiry.[5]   

            “Condition” implies that the
property is in bad or defective condition. 
See Tex. Dep’t of Transp. v. Garza,
70 S.W.3d 802, 807 (Tex. 2002); see also Sparkman v. Maxwell, 519 S.W.2d
852, 858 (Tex.
1975) (defining “condition” as “either an intentional or an inadvertent state
of being”); Webb County v. Sandoval,
88 S.W.3d 290, 294 (Tex. App.—San Antonio 2002, no pet.).  “Tangible personal property” under the Act is
property that is capable of being handled, touched, or seen.  Robinson
v. City of San Antonio, 727 S.W.2d 40, 43 (Tex. App.—San Antonio 1987, writ
ref’d).  To state a claim involving the
“condition” of tangible personal property, a plaintiff must allege the property
is defective or inadequate, and its defective condition proximately caused
injury.  See Tex.
 Parks & Wildlife Dep’t v. Garrett Place, Inc.,
972 S.W.2d 140, 143 (Tex. App.—Dallas 1998, no pet.).  The requirement of causation is more than
mere involvement.  Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998).  A plaintiff must show a close causal
relationship between the condition of the property and the resulting
injury.  See id.

            In this case, the appellees stated
in their pleadings that the condition of the property was defective or
inadequate due to its construction. 
Moreover, the facts as set forth by appellees indicate a direct causal
relationship between the statue and Joshua’s injury.[6]  See
Overton Mem’l Hosp. v. McGuire, 518 S.W.2d 528, 529 (Tex. 1975). 
Construing the pleadings in appellees’ favor, as we must, we conclude
the pleadings sufficiently allege the statue: (1) is owned by the City; (2) is
defective due to “pinch points” created by the construction and design of the
statue;[7] (3)
this defective condition directly and proximately caused Joshua’s injuries; (4)
the City had knowledge (or should have known) of its dangerous condition; and
(5) the City was negligent in failing to warn of this dangerous condition,
failing to protect the public from the condition, or in failing to take
“reasonable and prudent action” regarding the dangerous condition of the
statue.  In addition, appellees alleged
that the statue had been moved to its location at the time of the accident by
the City’s employees and the statue was without any protective barriers or
signs to warn of its dangerous condition. 
We find these allegations are sufficient to bring the claim within the
waiver provisions of the Act.[8] 

            The City argues however, that
appellees have failed to sufficiently allege a defective condition under the
waiver provisions of the Act because appellees have not pleaded that the City
“furnished” the statue to appellees, nor alleged that the statue lacked an
integral safety component.  As authority
for the proposition that section 101.021(2) requires these allegations, the
City cites to Michael v. Travis County
Housing Authority, 995 S.W.2d 909, 914 (Tex. App.—Austin 1999, no
pet.).  In Michael, the mother of a child attacked by pit bulls sued Travis County,
alleging that the owner of the dogs lived in a dwelling owned and maintained by
the Housing Authority, the fence surrounding the owner’s yard had holes in it,
and this defect caused the child’s injuries. 
Id. at 911.  The Michael
court concluded the mother had satisfied the requirements for waiver under the
Act.  Id.
at 915.  During the course of its
analysis, the court noted that the Texas Supreme Court had construed section
101.021(2) to provide a waiver of immunity for injuries caused by
safety-defective property and acknowledged that the facts before them could be
construed to involve tangible personal property that lacked an integral safety
component.  Id.
at 914.  From this, the City argues that
the appellees’ pleadings lack a required allegation of a safety defect.  Assuming without deciding that a lack of an
integral safety component is a requirement, based on the pleadings and evidence[9]
here, we find the appellees adequately pleaded under these facts the statue
lacked an integral safety component.

            Regarding the City’s contention that
appellees have failed to properly allege the statue was “furnished,” we
acknowledge that a number of cases have held that furnishing inadequate or
defective property may create liability under the Act.  See,
e.g., Lowe v. Tex. Tech Univ., 540 S.W.2d 297, 300 (Tex. 1976) (finding that
university was liable because it furnished inadequate protective equipment to a
football player).  Here, appellees
alleged that the statue was owned by the City, was on City property, and was
accessible to the public.[10]  Assuming without deciding a claimant must
plead that property was “furnished,” we construe the plaintiffs’ petition to
sufficiently allege the statue was furnished. 
See, e.g., Torres v. City of Waco, 51 S.W.3d 814, 820
(Tex. App.—Waco 2001, no pet.) (finding claims that City failed to properly
secure a judge’s stand which proximately caused injury was sufficient
allegation that condition of property caused injuries); Michael, 995 S.W.2d at 914–15 (finding waiver under the Act where
fence had holes in it and vicious dogs escaped, causing injury); McBride v. TDCJ-ID, 964 S.W.2d 18, 22
(Tex. App.—Tyler 1997, no pet.) (finding allegations regarding defective barrel
sufficient to establish waiver under the Act); Barker, 907 S.W.2d at 884–85 (finding swing set to be a “dangerous
condition,” falling within the Act). 

B.  Premise Defect

            The City also argues that appellees
have failed to establish waiver under the Act because the statue is an
improvement to the land and appellees have not alleged facts to support a
premise defect claim.[11] 

            Although “tangible personal
property” is not defined under the Act, the term is generally construed as
referring to something that is corporeal, concrete, and has a palpable
existence.  E.g., Univ. of Tex. Med.
Branch v. York, 871 S.W.2d 175, 178 (Tex. 1994); Sawyer v. Tex. Dep’t of Criminal Justice, 983 S.W.2d 310, 312 (Tex.
App.—Houston [1st Dist.] 1998, pet. denied); see also Robinson, 727 S.W.2d at 43 (defining “tangible property”
as something capable of being handled, touched, or seen).  Indisputably, the statue at issue is a
concrete, corporeal structure, having a palpable existence.  In addition, the pleadings and evidence
indicate the statue had been located in another area of the zoo, but was moved
to its current position just prior to the time of Joshua’s injury.  See
Tex. Dep’t of Transp. v. Henson, 843 S.W.2d 648, 653 (Tex. App.—Houston
[14th Dist.] 1992, writ denied) (finding barrel-signs to be personalty under
the Act, relying in part on their portable nature).  The City also acknowledged in its pleadings
that it did not deny that Joshua had been injured on tangible personal
property.

            Nevertheless, the City claims the
statue is an “improvement.”  The term
“improvement” generally includes everything that permanently enhances the value
of the premises.  Karisch v. Allied-Signal, Inc., 837 S.W.2d 679, 679 (Tex.
App.—Corpus Christi 1992, no writ).  In
determining whether personalty has become such a permanent part of the realty
to which it is affixed that it constitutes an improvement, the pivotal factor
is the intention of the person annexing the personal property to the real
property.  Logan v. Mullis, 686 S.W.2d 605, 607 (Tex. 1985); Johnson v. Mach. Ice Co., 820 S.W.2d 850, 852 (Tex. App.—Houston
[14th Dist.] 1991, writ denied).  Here,
there is nothing in the record to evidence any intention of the entity affixing
the statue to the real property and therefore, we decline to conclude the
statue is an “improvement.”  To do
otherwise would be contrary to our standard of review, that is, construe the
pleadings in the appellees’ favor.   

            Accordingly, we overrule the City’s
issue and affirm the judgment of the trial court.  

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 26, 2004.

Panel
consists of Justices Yates, Edelman, and Guzman.

 











            [1]  Tex.
Civ. Prac. & Rem. Code ch. 101. 
All subsequent references to the “Act” are to the Texas Tort Claims
Act.     





            [2]  A governmental unit may appeal the grant or
denial of a plea to the jurisdiction.  Id.
§ 51.014(a)(8).  





            [3]  Sovereign immunity takes two basic forms: (1)
immunity from suit, regardless of the state’s liability, and (2) immunity from
liability even though the state has consented to be sued.  Tex.
Civ. Prac. & Rem. Code Ann. § 101.021, .023, .025 (Vernon 1997); Scott, 7 S.W.3d at 719.  The
trial court’s jurisdiction is unaffected by immunity from liability.  Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d 636, 638 (Tex.
1999).  Sovereign immunity from liability
is an affirmative defense that must be pled to avoid waiver.  Id.  However, because the Act waives immunity from
both liability and suit, a plaintiff’s pleadings concerning waiver may be
challenged in a plea to the jurisdiction.





            [4]  See
Robinson v. Cent. Tex. MHMR Ctr., 780 S.W.2d 169, 170 (Tex. 1989) (noting that the waiver provision
under section 101.021 has been a “fertile field for litigation and
controversy”). 





            [5]  Because we do not address the City’s
contention’s regarding the alleged use of the statue, we also do not address
the alleged use of real property. 





            [6]  This causal relationship distinguishes this
case from those concluding that there was no waiver under the Act due to
causation problems.  See, e.g., Kerrville State
Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996) (finding failure to use
injectable medication did not fall within waiver provision of the Act); Kidd v. Brenham State Sch., 93 S.W.3d
204, 206 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (finding
information faxed to facility but locked in fax room, not “use” under the
Act).  See also Bossley, 968 S.W.2d at 343 (distinguishing the case from
one involving an injury immediately and directly caused by the condition of the
property). 





            [7]  As evidence of the statue’s dangerous
condition, appellees attached an affidavit from their expert, describing the
construction of the statue and stating that the woven metal sculpture contained
numerous openings which acted as “finger traps,” catching objects pulled into
the openings.  The expert also stated
these openings were easily accessible and were located at a height where a
person would naturally lean or rest their hand on it.    





            [8]  See,
e.g., Univ. of N. Tex. v. Harvey,
124 S.W.3d 216, 223-24 (Tex. App.—Fort Worth 2003, no pet.) (finding allegations
that ice barrels lacking a scoop fell within the
“condition-of-tangible-personal-property” waiver under the Act); Webb County v. Sandoval, 88 S.W.3d 290,
295 (Tex. App.—San Antonio 2002, no pet.) (concluding that allegations that
child choked due to “condition” of overcooked chicken nuggets was sufficient to
fall within waiver provision of the Act); Torres
v. City of Waco, 51 S.W.3d 814, 820 (Tex. App.—Waco 2001, no pet.) (finding
allegations that City failed to properly secure a judge’s stand which proximately
caused injury, sufficiently alleged that condition of property caused
injuries);  Michael v. Travis County Hous. Auth., 995
S.W.2d 909, 914–15 (Tex. App.—Austin 1999, no pet.) (finding waiver under the
Act where fence had holes in it, allowing vicious dogs to escape and cause
injury); McBride v. TDCJ-ID, 964
S.W.2d 18, 22 (Tex. App.—Tyler 1997, no pet.) (finding allegations that
governmental entity was negligent in furnishing defective barrel sufficient to
establish waiver under the Act); Barker v.
City of Galveston, 907 S.W.2d 879, 884–85 (Tex. App.—Houston [1st Dist.]
1995, writ denied) (finding swing set to be a “dangerous condition,” falling
within the Act).        





            [9]  See
infra notes 6–7 and corresponding discussion.





            [10]  Neither party raises an issue regarding
whether the “Recreational Use Act” applies. 
See Tex. Civ. Prac. & Rem. Code Ann. §§ 75.001–.004  (Vernon 1997 & Supp. 2004).





            [11]  Appellees contend that we cannot consider the
City’s premise defect argument because it was not raised in the trial
court.  However, because the City’s
argument goes to the jurisdiction of the trial court, we may address it for the
first time on appeal.