CITY OF DALLAS, Appellant,

v.

Kenneth E. ALBERT, et al., Appellees.

City of Dallas, Appellant,

v.

David L. Barber, et al., Appellees.

City of Dallas, Appellant,

v.

Anthony Arredondo, et al., Appellees.

City of Dallas, Appellant,

v.

Kevin Michael Willis, et al., Appellees.

Nos. 05–03–01297–CV to 05–03–01300–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2004.

Rehearing Granted Aug. 27, 2004.

---

Madeleine B. Johnson, City Attorney, and James B. Pinson, Office of City Attor-ney, Dallas, for Appellant in No. 05–03–01297–CV.

Bill Boyd, John Stooksberry, Boyd & Veigel, P.C., McKinney, for Appellees in Nos. 05–03–01297–CV, 05–03–01298–CV.

James B. Pinson, Office of City Attor-ney, Dallas, for Appellant in Nos. 05–03–01298–CV, 05–03–01299–CV, 05–03–01300–CV.

Bill Boyd, Boyd & Veigel, P.C., McKin-ney, for Appellees in Nos. 05–03–01299–CV, 05–03–01300–CV.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion by Justice MORRIS.

In these interlocutory appeals, we are presented with the issue of whether the City of Dallas waived its sovereign immu-nity from suit and, therefore, subjected itself to the jurisdiction of the trial court. Among the several grounds for asserting that such a waiver occurred, appellees con-tend the City invoked the trial court's sub-ject matter jurisdiction when it filed coun-terclaims seeking affirmative relief. This Court recently addressed this issue in *City of Irving v. Inform Construction, Inc.,* No. 05–03–01460–CV, —— S.W.3d ——, 2004 WL 1852795 (Tex.App.-Dallas August 9, 2004, no pet. h.) and concluded that the filing of a counterclaim seeking affirmative relief is an intentional relinquishment of any claim to governmental immunity. Be-cause the City waived its immunity from suit by seeking affirmative relief from the trial court, we affirm the trial court's or-ders denying the City's pleas to the juris-diction and remand the causes for further proceedings.

## I.

Generally, these cases concern a city ordinance adopted by the City of Dallas in

1979 in accordance with a voter-approved pay referendum. The ordinance states, among other things, that each sworn police officer, fire fighter, and rescue officer employed by the City would receive a pay raise and that "the current percentage pay differential between grades in the sworn ranks of the Dallas Police Force and the Fire Fighter and Rescue Force shall be maintained." Appellees contend the ordinance amended their alleged oral employment contracts with the City to add a requirement that the City maintain the percentage pay differentials between the grades in all future salary adjustments. Appellees filed suits alleging the City breached its contracts with them by repeatedly raising the pay of the highest ranking officers without making corresponding changes to the salaries received by the lower ranks. Appellees asserted claims for breach of contract seeking back pay, benefits, and prejudgment interest. Appellees also sought a declaratory judgment with accompanying attorneys' fees and costs incurred to establish that their interpretation of the ordinance was correct.

In response to appellees' claims, the City filed answers and counterclaims for alleged overpayments of salaries. According to the City, if appellees' interpretation of the ordinance is correct, then all salary adjustments made after the ordinance was adopted were void and unenforceable requiring appellees' to return any additional salaries paid pursuant to those adjustments.

On June 4, 2003, the City filed pleas to the trial court's jurisdiction contending that its governmental immunity from suit had not been waived and, therefore, the trial court lacked subject matter jurisdiction over each case. Appellees responded that the City's immunity from suit was expressly waived in both section 51.075 of the Texas Local Government Code and Chapter II of the Dallas City Charter. Specifically, the Local Government Code states that a municipality may "plead and be impleaded in any court." *See* TEX. LOCAL GOV'T CODE ANN. § 51.075 (Vernon 1999). The Dallas City Charter states that the City has the power to "sue and be sued" and to "implead and be impleaded in all courts." DALLAS CITY CHARTER ch. II, § 1(2), (3) (Aug.1999). Appellees additionally argued the City was collaterally estopped from asserting sovereign immunity because the City litigated the same issue in another case and the Fifth Circuit Court of Appeals decided the issue adversely to the City. The trial court denied the City's plea to the jurisdiction, and the City appealed.

During the pendency of this appeal, and after briefing and submission of the cases for decision, the Texas Supreme Court issued its opinion in *Reata Construction Corp. v. City of Dallas. See Reata Constr. Corp. v. City of Dallas,* 47 Tex. Sup.Ct. J. 408, —— S.W.3d ——, 2004 WL 726906 (Tex. Apr. 2, 2004) (per curiam) (mo. for reh'g filed). In *Reata,* the court held that a city's intervention in a lawsuit to assert claims for affirmative relief constituted a waiver of governmental immunity. Following issuance of the *Reata* decision, appellees in this case filed a motion to supplement their briefing arguing that the City's counterclaims for alleged overpayments were claims for affirmative relief invoking the trial court's jurisdiction much like the city's intervention in *Reata.* According to appellees, *Reata* provides another basis to affirm the trial court's denial of the City's plea to the jurisdiction. The City responded by voluntarily dismissing its counterclaims and attempting to distinguish between an intervention and a counterclaim for purposes of waiver of immunity. We granted appellees' motion to supplement their briefing. We address

below the effect of the City's filing and subsequent voluntary dismissal of its counterclaims.

## II.

 It is well established that sovereign immunity from suit protects the State of Texas, its agencies, and its officials from lawsuits for damages unless it is waived by clear and unambiguous consent to suit. *See Fed. Sign v. Tex. S. Univ.* 951 S.W.2d 401, 405 (Tex.1997). A city, such as the City of Dallas, is deemed an agent of the state for sovereign immunity purposes when exercising its powers for a public purpose. *See City of San Benito v. Ebarb,* 88 S.W.3d 711, 720 (Tex.App.-Corpus Christi 2002, pet. denied). Appellees' suit against the City for breach of contract and declaratory judgment is a lawsuit for damages arising out of the City's exercise of its power to adopt public ordinances. *See id.* at 721 (suit brought for purpose of declaring rights that seeks to impose liability against the state for damages is barred by sovereign immunity). Accordingly, sovereign immunity from suit protects the City, and the court lacks subject matter jurisdiction over these cases, unless the immunity has been waived.

As stated above, the Texas Supreme Court recently held that when a city files a plea in intervention asserting claims for affirmative relief it waives immunity and subjects itself to the jurisdiction of the trial court with regard to "any claim that is incident to, connected with, arises out of, or is germane to the controversy brought by the State." *See Reata,* —— S.W.3d at ——, 2004 WL 726906 at * 3. In *City of Irving v. Inform Construction, Inc.,* this Court held that filing a counterclaim for affirmative relief had the same legal effect as filing a plea in intervention under *Reata* and, therefore, also constituted a waiver of governmental immunity. *See Inform Constr.,* No. 05–03–01460–CV, slip op. at 5, —— S.W.2d at ——, 2004 WL

1852795. Although the City argues there are fundamental differences between pleas in intervention and counterclaims that should prevent its counterclaims from being considered a waiver of immunity, we are not persuaded to depart from this Court's earlier holding. The claims presented by appellees are clearly germane to the counterclaims brought by the City. Accordingly, the City has waived its governmental immunity from appellees' suits. *See id.*

 The City also contends the issue of waiver based on its counterclaims is moot because it has voluntarily dismissed all its counterclaims against appellees. The City cites no authority, however, to support its assertion that once it has waived immunity, it can simply decide to withdraw its consent to suit and divest the trial court of its jurisdiction. Similar to a general appearance before a trial court that irrevocably waives a party's right to challenge personal jurisdiction in that suit, the City cannot avoid the consequences of its actions by attempting to undo its act of waiver. *See Rush v. Barrios,* 56 S.W.3d 88, 105 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (party's filing of plea in intervention was a waiver of immunity even though it was later voluntarily dismissed without prejudice). The longstanding rule in Texas is that where jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case can serve to defeat the jurisdiction. *DISD v. Porter,* 709 S.W.2d 642, 643 (Tex.1986). We see no reason to make an exception to the rule in this case.

We affirm the trial court's orders denying the City's pleas to the jurisdiction. We remand the causes for further proceedings.