Affirmed and Memorandum Opinion filed December 23, 2004









Affirmed and Memorandum Opinion filed December 23,
2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00603-CV

____________

 

CITY OF ANGLETON,
TEXAS,
Appellant

 

V.

 

USFILTER OPERATING
SERVICES, INC.,
Appellee

 



 

On Appeal from the 149th
District Court

Brazoria County, Texas

Trial Court Cause No. 27373

 



 

M E M O R A N D U M   O P I N I O N

Appellant the City of Angleton appeals the
trial court’s denial of its plea to the jurisdiction on the basis of
governmental immunity.  Appellee USFilter
Operating Services, Inc. contends that governmental immunity has been
waived.  We affirm.








This dispute arises out of the City’s
cancellation of a service contract with USFilter.  After cancelling the contract, the City
retained certain property until ownership could be determined.  Believing that it owned the property,
USFilter filed suit for breach of contract and sought a writ of
sequestration.  The City counterclaimed
for breach of contract and fraud.  The
parties subsequently signed an agreed order whereby the City would return the
disputed property in exchange for USFilter posting a $53,600 bond with the
trial court, to be released only upon order of the court.

The service contract between the parties
contained an arbitration clause covering in pertinent part any “dispute between
the parties other than one . . . requiring equitable relief.”  USFilter moved to compel arbitration,
asserting that the City’s counterclaims sought non-equitable relief and
therefore must be arbitrated.  The parties
entered into a Rule 11 agreement to stay all arbitration deadlines until the
trial court ruled on USFilter’s motion to compel.  Shortly before the hearing, the City
nonsuited its counterclaims and filed a plea to the jurisdiction, asserting
that immunity barred USFilter’s breach of contract claim.  The trial court denied the City’s plea, and
this accelerated appeal followed.

In Texas, sovereign immunity protects the
state against lawsuits for damages unless the state has consented to suit.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 224 (Tex. 2004). 
Cities, as political subdivisions of the state, are entitled to immunity
unless it has been waived.  San
Antonio Indep. Sch. Dist. v. McKinney, 936 S.W.2d 279, 283 (Tex.
1996).  Sovereign immunity encompasses
two distinct principles:  immunity from
suit and immunity from liability.  Miranda,
133 S.W.3d at 224.  While immunity from
liability is an affirmative defense, immunity from suit deprives a court of
subject matter jurisdiction.  Id.  Because it affects the court’s jurisdiction,
immunity from suit, unlike immunity from liability, is properly raised in a
plea to the jurisdiction.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  








USFilter argues that, by its conduct
invoking the jurisdiction of the trial court, the City has waived its immunity
from suit.  We agree.  The Texas Supreme Court has recently held
that a city waives its immunity from suit by intervening in a lawsuit to assert
claims for affirmative relief.  Reata
Constr. Corp. v. City of Dallas, No. 02-1031, __ S.W.3d __, 2004 WL 726906,
at *1 (Tex. Apr. 2, 2004, reh’g granted). 
“When the City filed its plea in intervention against Reata, it
subjected itself to the jurisdiction of the trial court and waived its
governmental immunity from suit with regard to Reata’s claims germane to the
matter in controversy.”  Id. at
*3.  At least three other courts have
applied Reata’s reasoning in concluding that when a city files a
counterclaim and thereby invokes the jurisdiction of the court, it waives its
immunity from suit.  See Ray Ferguson
Interests, Inc. v. Harris County Sports & Convention Corp., No.
01-04-00568-CV, __ S.W.3d __, 2004 WL 2250930, at *5 (Tex. App.—Houston [1st
Dist.] Oct. 7, 2004, no pet. h.); City of Dallas v. Martin, 140 S.W.3d
924, 926 (Tex. App.—Dallas 2004, reh’g granted); City of Dallas v. Albert,
140 S.W.3d 920, 923 (Tex. App.—Dallas 2004, reh’g granted); Port
Neches-Groves Indep. Sch. Dist. v. Pyramid Constructors, L.L.P., 140 S.W.3d
440, 442–43 (Tex. App.—Beaumont 2004, pet. filed).  This is true whether or not the counterclaims
are compulsory or permissive and even when a city later dismisses its
counterclaims.  See Ray Ferguson
Interests, 2004 WL 2250930, at *5–6; Martin, 140 S.W.3d at 926–27; Albert,
140 S.W.3d at 923.  We agree with this
analysis and join these courts in holding that the City’s filing of
counterclaims in this case waived its immunity from suit.  

Because we determine that the City waived
its immunity from suit by filing counterclaims, we need not also determine
whether the City’s immunity from suit is waived by either language in its
charter that it may “sue and be sued” and may “implead and be impleaded” or by
Texas Local Government Code section 51.075 providing that a municipality “may
plead and be impleaded in any court.”  See
City of Houston v. Clear Channel Outdoor, Inc., No. 14-03-00022-CV, __
S.W.3d __, 2004 WL 63561 (Tex. App.—Houston [14th Dist.] Jan. 15, 2004, pet.
filed).  We affirm the trial court’s
order denying the City’s plea to the jurisdiction.  

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed December 23, 2004.

Panel
consists of Justices Yates, Edelman, and Guzman.