Carroll Independent School District v. J & A Construction Services Group, L.L.C.

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-272-CV

CARROLL INDEPENDENT APPELLANT

SCHOOL DISTRICT

V.

J & A CONSTRUCTION APPELLEE

SERVICES GROUP, L.L.C.

------------

FROM THE 153
rd
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Carroll Independent School District (CISD) filed suit seeking a declaratory judgment regarding its rights and obligations and the rights and obligations of Appellee J & A Construction Services Group (J & A).  After J & A counterclaimed, CISD filed a plea to the jurisdiction regarding J & A's counterclaims, alleging immunity from suit.  Because we hold that the trial court properly denied CISD’s plea to the jurisdiction, we affirm the trial court’s order.

In 2001, CISD’s Board of Trustees voted to approve J & A as program manager for a proposed 2002 bond program.  J & A had provided such services in connection with at least one previous bond program for CISD.  J & A’s 2002 appointment was conditioned on the Board’s approval of its contract.  J & A began work prior to the execution of a written contract and did not present a proposed written contract to the Board until over six months after the Board selected it as program manager.  In the meantime, four (out of seven) new board members had taken office.

At several Board meetings between May and August of 2002, CISD administrators asked the Board to approve the proposed J & A contract as well as a proposal to reimburse costs for services rendered by J & A pursuant to the proposed 2002 bond program.  After tabling the proposals several times, the Board finally took action at the August meeting by unanimously voting to deny approval of the contract and the request for payment.  Thus, the Board never executed a written contract with J & A relating to the bond program.

J & A sent CISD a letter demanding reimbursement for the expenses spent on pre-bond planning services.  In February 2004, CISD filed suit seeking a declaratory judgment as to the parties’ rights (described, as amended, below) under the Uniform Declaratory Judgments Act (UDJA).
(footnote: 2)  J & A answered and counterclaimed for breach of contract, quantum meruit/unjust enrichment, promissory estoppel/ratification, and attorney’s fees.

In May of 2005, CISD moved for partial summary judgment on J & A’s counterclaims.  J & A also moved for partial summary judgment on its quantum meruit claim (requesting the court to deny CISD’s declaratory judgment, award J & A the value of the services performed, and award J & A attorney’s fees).  No hearing was held on these summary judgment motions.

Also in May 2005, CISD filed a combined amended petition and answer to J & A’s counterclaim that included a plea to the jurisdiction.  CISD sought a declaratory judgment that it owed no monetary obligation to J & A and requested attorney’s fees and interest under the UDJA.  It also generally denied J & A’s counterclaims and asserted the affirmative defenses of immunity, estoppel, and illegality.  Finally, CISD asserted that the trial court did not have subject matter jurisdiction over J & A’s counterclaim because CISD is immune from suit and liability.  J & A responded that Texas Education Code section 11.151(a) provides a statutory waiver of a school district’s immunity from suit.
(footnote: 3)  In addition, J & A alleged that CISD waived immunity from suit by initiating the action.  Following a hearing, the trial court denied the plea to the jurisdiction. CISD filed this accelerated appeal on the jurisdictional issue.

In three issues, CISD argues that 1) the “sue and be sued” language in Texas Education Code section 11.151(a) does not effect a legislative waiver of its immunity from suit, 2) it is immune from claims that are not based on a written contract, and 3) it did not waive immunity by suing for declaratory judgment.

Whether a court has subject matter jurisdiction is a question of law.
(footnote: 4)  Thus, appellate courts apply a de novo standard of review to a trial court’s ruling on a plea to the jurisdiction.
(footnote: 5)  The party suing the governmental entity bears the burden of establishing the trial court’s jurisdiction.
(footnote: 6)  We must construe the pleadings in the pleader’s favor and look to the pleader’s intent.
(footnote: 7) In addition, we may consider evidence presented to the trial court to resolve the jurisdictional dispute, and we must do so when necessary to resolve the dispute.
(footnote: 8)  A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of action without regard to whether the claims asserted have merit.”
(footnote: 9)  Thus, our task is not to determine the merits of the case but rather to examine the petition, taking as true the facts pleaded, and determine whether those facts support jurisdiction in the trial court.
(footnote: 10)
 In its third issue, CISD argues that it did not waive immunity by suing for declaratory judgment.  We disagree.  In
 Reata Construction Corp. v. City of Dallas
, the Texas Supreme Court held that “by filing a suit for damages, a governmental entity waives immunity from suit for any claim that is incident to, connected with, arises out of, or is germane to the suit or controversy” that it brings.
(footnote: 11)  Relying on the 
Reata
 decision, the Austin Court of Appeals in 
TML Intergovernmental Employee Benefits Pool v. Prudential Insurance Co. of America 
held that “when the [governmental entity] brought a declaratory-judgment action against Prudential, it waived immunity from suit as to Prudential’s request for attorney’s fees under the same statute.”
(footnote: 12)
 In our case, CISD's original petition states:

[J & A] has demanded over $100,000.00 from [CISD], despite the absence of any executed written contract between [them].  Moreover, 
[CISD] previously paid [J & A] approximately $90,000.00 and has requested information from [J & A] regarding the basis for such payment
.  The parties have been unable to resolve this dispute, and it therefore 
remains undetermined as to which party, if any, is indebted to the other
.

CISD would show the Court that uncertainty concerning the rights, status and legal relations by and among the school district and J & A and a dispute between the parties has arisen; thus, pursuant to the [UDJA], CISD requests that the Court declare the respective rights and obligations of the parties.  [Emphasis added.]

In addition, CISD alleged that all conditions precedent had occurred or had been waived and requested attorneys fees under the UDJA.  It also requested interest and costs.  In its prayer, CISD requested, among other things, that “upon final hearing of this cause, [it] 
be granted judgment for its damages
, if any, against [J & A] and for declaratory relief.”  [Emphasis added.] 

In its first amended petition, CISD deleted some of the above, only stating:

[J & A] has demanded over $100,000.00 from [CISD], despite the absence of any executed written contract between [them].  The parties have been unable to resolve this dispute, and it therefore remains undetermined as to whether [CISD] is indebted to [J & A].

CISD would show the court that uncertainty concerning the rights, status and legal relations by and among the school district and J & A and a dispute between the parties has arisen; thus, pursuant to the [UDJA], CISD requests that the Court declare that CISD has no obligation, contractual or otherwise, to pay [J & A] the monies it has demanded.

In addition, CISD deleted its request for a judgment for damages. However, once an otherwise immune entity waives its immunity, it cannot simply decide to withdraw its consent and divest the trial court of its jurisdiction.
(footnote: 13)
 Similar to a general appearance before a trial court that irrevocably waives a party’s right to challenge personal jurisdiction in that suit, the City cannot avoid the consequences of its actions by attempting to undo its act of waiver.  The long-standing rule in Texas is that where jurisdiction is lawfully and properly acquired, no subsequent fact or event in the particular case can serve to defeat the jurisdiction.
(footnote: 14)
In other words, when an entity has waived immunity by asserting a claim, withdrawing that claim does not defeat the trial court’s jurisdiction.
(footnote: 15)  Thus, because CISD’s original petition requested damages, it clearly brought suit “for damages.”
(footnote: 16) 

In addition, J & A’s claims for breach of contract, quantum meruit/unjust enrichment, promissory estoppel/ratification, and attorney’s fees are clearly claims that are “incident to, connected with, arise[s] out of, or [are] germane to the suit” filed by CISD.
(footnote: 17)  CISD’s declaratory judgment request sought a declaration of its obligation or lack thereof to pay J & A regarding an agreement that J & A believed existed.  It is this exact agreement that J & A was attempting to enforce, and in the event that the court did not find that CISD had an obligation to pay under such an agreement, J & A it requested equitable relief based on the same alleged agreement. 

Finally, CISD urges us not to follow 
Reata
, arguing that it is problematic because cases hold that immunity from suit is a question of subject matter jurisdiction,
(footnote: 18) and subject matter jurisdiction may not be created by waiver.
(footnote: 19) Pursuant to the “confused state of the law on this point,” CISD requests, at a minimum, that we allow it to amend its pleadings to possibly nonsuit its claim against J & A.  However, as noted above, once an otherwise immune entity waives its immunity, it cannot simply decide to withdraw its consent and divest the trial court of its jurisdiction.
(footnote: 20)  In addition, courts’ holdings that subject matter jurisdiction may not be waived typically refer to the situation in which a party does not waive lack of jurisdiction by failing to raise it at the trial court level.
(footnote: 21)  Regardless, although the Texas Supreme Court granted a motion for rehearing in 
Reata
, until the Texas Supreme Court decides this issue otherwise, that decision and the cases it relied on remain precedent that we follow.
(footnote: 22)  Therefore, we hold that CISD waived its immunity from suit by filing its suit and overrule CISD’s third issue.  We do not address CISD’s other issues.
(footnote: 23)
 Because we hold that the trial court properly denied CISD’s plea to the jurisdiction, we affirm the trial court’s order.

LEE ANN DAUPHINOT

JUSTICE 

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  March 16, 2006

FOOTNOTES
1:
T
ex. R. App. P. 47.4.

2:
Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (
Vernon 1997 & Supp. 2005
).

3:
Tex. Educ. Code Ann
. § 11.151 (Vernon Supp. 2005).

4:
Tex. Dep't of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 227 (Tex. 2004).

5:
Id.; Webb County v. Sandoval
, 126 S.W.3d 264, 266 (Tex. App.—San Antonio 2003, no pet.).

6:
Tex. Ass'n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993) (citing 
Richardson v. First Nat’l Life Ins. Co.
, 419 S.W.2d 836, 839 (Tex. 1967)).

7:
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002) (citing 
Tex. Air Control Bd.
, 852 S.W.2d at 446; 
Peek v. Equip. Serv. Co.
, 779 S.W.2d 802, 804 (Tex. 1989)); 
Huston v. F.D.I.C., 
663 S.W.2d 126
, 
129 (Tex. App.—Eastland 1983, writ ref’d n.r.e.) (citing 
Paradissis v. Royal Indem. Co.
, 496 S.W.2d 146, 148 (Tex. Civ. App.—Houston [14th Dist.] 1973), 
aff'd
, 507 S.W.2d 526 (Tex. 1974)).

8:
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000); 
Univ. of N. Tex
. 
v. Harvey
, 124 S.W.3d 216, 220 (Tex. App.—Fort Worth 2003, no pet.). 

9:
Bland
, 34 S.W.3d at 554.

10:
Baston v. City of Port Isabel
, 49 S.W.3d 425, 427-28 (Tex. App.— Corpus Christi 2001, pet. denied).

11:
Reata Constr. Corp. v. City of Dallas
, No. 02-1031, 2004 WL 726906, at *3 (Tex. Apr. 2, 2004) (mot. for reh’g granted).

12:
TML Intergovernmental Employee Benefits Pool v. Prudential Ins. Co. of Am.
, 144 S.W.3d 600, 604 (Tex. App.—Austin 2004, pet. denied) (citing 
Kinnear v. Tex. Comm’n on Human Rights ex rel. Hale
, 14 S.W.3d 299, 300 (Tex. 2000)).

13:
City of Dallas v. Albert
, 140 S.W.3d 920, 923 (Tex. App.—Dallas 2004, no pet.).

14:
Id. 
(citations omitted).

15:
Id.

16:
Reata
, 2004 WL 726906, at *3.  We note that it is not even clear that all courts require a suit for damages in order to find waiver.  In 
TML
, the governmental entity sued for breach of contract and requested a declaratory judgment regarding an insurance policy, also requesting attorney’s fees pursuant to the UDJA.  
TML
, 144 S.W.3d at 603.  The trial court granted its opponent attorney’s fees under the UDJA.  
Id. 
 The only issue on appeal was this award.  
Id. 
at 604.  Without mentioning the breach of contract claim, the court of appeals held that the entity had waived its immunity from suit as to its opponent’s request for attorney’s fees because it brought the declaratory judgment action.  
Id.

17:
See Reata
, 2004 WL 726906, at *3.

18:
Tex. Dep't of Transp. v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).

19:
See Tex. Air Control Bd.
, 852 S.W.2d at 445.

20:
Albert
, 140 S.W.3d at 923.

21:
See, e.g., Tex. Air Control Bd.
, 852 S.W.2d at 445.

22:
See Reata
, 2004 WL 726906, at *3 (citing, 
e.g.
,
 Anderson, Clayton & Co. v. State ex rel. Allred
, 62 S.W.2d 107, 110 (Tex. 1933); 
Kinnear
, 14 S.W.3d at 300).

23:
See 
Tex. R. App. P
. 47.1.