COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-272-CV

 

CARROLL
INDEPENDENT                                                       APPELLANT

SCHOOL DISTRICT

                                                                                                        

 

                                                   V.

 

J & A CONSTRUCTION                                                           APPELLEE

SERVICES GROUP, L.L.C.

                                              ------------

 

            FROM THE 153rd
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Carroll Independent School District
(CISD) filed suit seeking a declaratory judgment regarding its rights and
obligations and the rights and obligations of Appellee J & A Construction
Services Group (J & A).  After J
& A counterclaimed, CISD filed a plea to the jurisdiction regarding J &
A's counterclaims, alleging immunity from suit. 
Because we hold that the trial court properly denied CISD=s plea
to the jurisdiction, we affirm the trial court=s order.

In 2001, CISD=s Board
of Trustees voted to approve J & A as program manager for a proposed 2002
bond program.  J & A had provided
such services in connection with at least one previous bond program for CISD.  J & A=s 2002
appointment was conditioned on the Board=s
approval of its contract.  J & A
began work prior to the execution of a written contract and did not present a
proposed written contract to the Board until over six months after the Board
selected it as program manager.  In the
meantime, four (out of seven) new board members had taken office.

At several Board meetings between May and August
of 2002, CISD administrators asked the Board to approve the proposed J & A
contract as well as a proposal to reimburse costs for services rendered by J
& A pursuant to the proposed 2002 bond program.  After tabling the proposals several times,
the Board finally took action at the August meeting by unanimously voting to
deny approval of the contract and the request for payment.  Thus, the Board never executed a written
contract with J & A relating to the bond program.








J & A sent CISD a letter demanding
reimbursement for the expenses spent on pre‑bond planning services.  In February 2004, CISD filed suit seeking a
declaratory judgment as to the parties= rights
(described, as amended, below) under the Uniform Declaratory Judgments Act
(UDJA).[2]  J & A answered and counterclaimed for
breach of contract, quantum meruit/unjust enrichment, promissory
estoppel/ratification, and attorney=s fees.

In May of 2005, CISD moved for partial summary
judgment on J & A=s counterclaims.  J & A also moved for partial summary
judgment on its quantum meruit claim (requesting the court to deny CISD=s
declaratory judgment, award J & A the value of the services performed, and
award J & A attorney=s fees).  No hearing was held on these summary judgment
motions.








Also in May 2005, CISD filed a combined amended
petition and answer to J & A=s
counterclaim that included a plea to the jurisdiction.  CISD sought a declaratory judgment that it
owed no monetary obligation to J & A and requested attorney=s fees
and interest under the UDJA.  It also
generally denied J & A=s
counterclaims and asserted the affirmative defenses of immunity, estoppel, and
illegality.  Finally, CISD asserted that
the trial court did not have subject matter jurisdiction over J & A=s
counterclaim because CISD is immune from suit and liability.  J & A responded that Texas Education Code
section 11.151(a) provides a statutory waiver of a school district=s
immunity from suit.[3]  In addition, J & A alleged that CISD
waived immunity from suit by initiating the action.  Following a hearing, the trial court denied
the plea to the jurisdiction. CISD filed this accelerated appeal on the
jurisdictional issue.

In three issues, CISD argues that 1) the Asue and
be sued@
language in Texas Education Code section 11.151(a) does not effect a legislative
waiver of its immunity from suit, 2) it is immune from claims that are not
based on a written contract, and 3) it did not waive immunity by suing for
declaratory judgment.








Whether a court has subject matter jurisdiction
is a question of law.[4]  Thus, appellate courts apply a de novo
standard of review to a trial court=s ruling
on a plea to the jurisdiction.[5]  The party suing the governmental entity bears
the burden of establishing the trial court=s
jurisdiction.[6]  We must construe the pleadings in the pleader=s favor
and look to the pleader=s intent.[7]
In addition, we may consider evidence presented to the trial court to resolve
the jurisdictional dispute, and we must do so when necessary to resolve the
dispute.[8]  A plea to the jurisdiction is a dilatory
plea; its purpose is Ato defeat a cause of action
without regard to whether the claims asserted have merit.@[9]  Thus, our task is not to determine the merits
of the case but rather to examine the petition, taking as true the facts
pleaded, and determine whether those facts support jurisdiction in the trial
court.[10]








In its third issue, CISD argues that it did not
waive immunity by suing for declaratory judgment.  We disagree. 
In Reata Construction Corp. v. City of Dallas, the Texas Supreme
Court held that Aby filing a suit for damages, a
governmental entity waives immunity from suit for any claim that is incident
to, connected with, arises out of, or is germane to the suit or controversy@ that it
brings.[11]  Relying on the Reata decision, the
Austin Court of Appeals in TML Intergovernmental Employee Benefits Pool v. Prudential
Insurance Co. of America held that Awhen the
[governmental entity] brought a declaratory‑judgment action against
Prudential, it waived immunity from suit as to Prudential=s
request for attorney=s fees under the same statute.@[12]

In our case, CISD's original petition states:

[J & A] has demanded
over $100,000.00 from [CISD], despite the absence of any executed written
contract between [them].  Moreover, [CISD]
previously paid [J & A] approximately $90,000.00 and has requested
information from [J & A] regarding the basis for such payment.  The parties have been unable to resolve this
dispute, and it therefore remains undetermined as to which party, if any, is
indebted to the other.

 

CISD would show the Court
that uncertainty concerning the rights, status and legal relations by and among
the school district and J & A and a dispute between the parties has arisen;
thus, pursuant to the [UDJA], CISD requests that the Court declare the
respective rights and obligations of the parties.  [Emphasis added.]

 








In addition, CISD alleged that all conditions precedent had occurred
or had been waived and requested attorneys fees under the UDJA.  It also requested interest and costs.  In its prayer, CISD requested, among other
things, that Aupon final hearing of this
cause, [it] be granted judgment for its damages, if any, against [J
& A] and for declaratory relief.@  [Emphasis added.] 

In its first amended petition, CISD deleted some
of the above, only stating:

[J & A] has demanded
over $100,000.00 from [CISD], despite the absence of any executed written
contract between [them].  The parties
have been unable to resolve this dispute, and it therefore remains undetermined
as to whether [CISD] is indebted to [J & A].

 

CISD would show the court that uncertainty
concerning the rights, status and legal relations by and among the school
district and J & A and a dispute between the parties has arisen; thus,
pursuant to the [UDJA], CISD requests that the Court declare that CISD has no
obligation, contractual or otherwise, to pay [J & A] the monies it has
demanded.

In addition, CISD deleted its request for a
judgment for damages. However, once an otherwise immune entity waives its
immunity, it cannot simply decide to withdraw its consent and divest the trial
court of its jurisdiction.[13]








Similar to a general appearance before a trial
court that irrevocably waives a party=s right
to challenge personal jurisdiction in that suit, the City cannot avoid the
consequences of its actions by attempting to undo its act of waiver.  The long‑standing rule in Texas is that
where jurisdiction is lawfully and properly acquired, no subsequent fact or
event in the particular case can serve to defeat the jurisdiction.[14]

In other words, when an entity has waived immunity by asserting a
claim, withdrawing that claim does not defeat the trial court=s
jurisdiction.[15]  Thus, because CISD=s
original petition requested damages, it clearly brought suit Afor
damages.@[16] 








In addition, J & A=s claims
for breach of contract, quantum meruit/unjust enrichment, promissory
estoppel/ratification, and attorney=s fees
are clearly claims that are Aincident
to, connected with, arise[s] out of, or [are] germane to the suit@ filed
by CISD.[17]  CISD=s
declaratory judgment request sought a declaration of its obligation or lack
thereof to pay J & A regarding an agreement that J & A believed
existed.  It is this exact agreement that
J & A was attempting to enforce, and in the event that the court did not
find that CISD had an obligation to pay under such an agreement, J & A it
requested equitable relief based on the same alleged agreement. 








Finally, CISD urges us not to follow Reata,
arguing that it is problematic because cases hold that immunity from suit is a
question of subject matter jurisdiction,[18]
and subject matter jurisdiction may not be created by waiver.[19]
Pursuant to the Aconfused state of the law on
this point,@ CISD requests, at a minimum,
that we allow it to amend its pleadings to possibly nonsuit its claim against J
& A.  However, as noted above, once
an otherwise immune entity waives its immunity, it cannot simply decide to
withdraw its consent and divest the trial court of its jurisdiction.[20]  In addition, courts=
holdings that subject matter jurisdiction may not be waived typically refer to
the situation in which a party does not waive lack of jurisdiction by failing
to raise it at the trial court level.[21]  Regardless, although the Texas Supreme Court
granted a motion for rehearing in Reata, until the Texas Supreme Court
decides this issue otherwise, that decision and the cases it relied on remain
precedent that we follow.[22]  Therefore, we hold that CISD waived its
immunity from suit by filing its suit and overrule CISD=s third
issue.  We do not address CISD=s other
issues.[23]

Because we hold that the trial court properly
denied CISD=s plea to the jurisdiction, we
affirm the trial court=s order.

 

 

LEE
ANN DAUPHINOT

JUSTICE


 

PANEL B:   DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DELIVERED:  March 16, 2006











[1]Tex. R. App. P.
47.4.





[2]Tex. Civ. Prac. & Rem.
Code Ann. '' 37.001-.011 (Vernon 1997 & Supp. 2005).





[3]Tex. Educ. Code Ann. ' 11.151 (Vernon Supp. 2005).





[4]Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004).





[5]Id.; Webb County v. Sandoval, 126 S.W.3d 264, 266 (Tex. App.CSan
Antonio 2003, no pet.).





[6]Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (citing Richardson
v. First Nat=l Life Ins. Co.,
419 S.W.2d 836, 839 (Tex. 1967)).





[7]County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) (citing Tex. Air
Control Bd., 852 S.W.2d at 446; Peek v. Equip. Serv. Co., 779 S.W.2d
802, 804 (Tex. 1989)); Huston v. F.D.I.C., 663 S.W.2d 126, 129
(Tex. App.CEastland 1983, writ ref=d n.r.e.) (citing Paradissis v. Royal Indem. Co.,
496 S.W.2d 146, 148 (Tex. Civ. App.CHouston [14th Dist.] 1973), aff'd, 507 S.W.2d
526 (Tex. 1974)).





[8]Bland ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000); Univ. of N. Tex. v. Harvey,
124 S.W.3d 216, 220 (Tex. App.CFort Worth 2003, no pet.). 





[9]Bland, 34
S.W.3d at 554.





[10]Baston v. City of Port Isabel, 49 S.W.3d 425, 427‑28 (Tex. App.C Corpus
Christi 2001, pet. denied).





[11]Reata Constr. Corp. v. City of Dallas, No. 02‑1031, 2004 WL 726906, at *3 (Tex. Apr.
2, 2004) (mot. for reh=g granted).





[12]TML Intergovernmental Employee Benefits Pool v.
Prudential Ins. Co. of Am., 144
S.W.3d 600, 604 (Tex. App.CAustin 2004, pet. denied) (citing Kinnear v. Tex.
Comm=n on Human Rights ex rel. Hale, 14 S.W.3d 299, 300 (Tex. 2000)).

 





[13]City of Dallas v. Albert, 140 S.W.3d 920, 923 (Tex. App.CDallas
2004, no pet.).





[14]Id. (citations
omitted).





[15]Id.





[16]Reata, 2004
WL 726906, at *3.  We note that it is not
even clear that all courts require a suit for damages in order to find waiver.  In TML, the governmental entity sued
for breach of contract and requested a declaratory judgment regarding an
insurance policy, also requesting attorney=s fees pursuant to the UDJA.  TML, 144 S.W.3d at 603.  The trial court granted its opponent attorney=s fees
under the UDJA.  Id.  The only issue on appeal was this award.  Id. at 604.  Without mentioning the breach of contract
claim, the court of appeals held that the entity had waived its immunity from
suit as to its opponent=s request for attorney=s fees because it brought the declaratory judgment
action.  Id.





[17]See Reata,
2004 WL 726906, at *3.





[18]Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).





[19]See Tex. Air Control Bd., 852 S.W.2d at 445.





[20]Albert, 140
S.W.3d at 923.





[21]See, e.g., Tex. Air Control Bd., 852 S.W.2d at 445.





[22]See Reata, 2004 WL 726906, at *3
(citing, e.g., Anderson, Clayton & Co. v. State ex rel. Allred,
62 S.W.2d 107, 110 (Tex. 1933); Kinnear, 14 S.W.3d at 300).





[23]See Tex. R. App. P.
47.1.